

S T A T E   O F   M I C H I G A N

SUPREME COURT

October 7, 2011

IN RE EXECUTIVE MESSAGE OF THE
GOVERNOR

(BROWN et al. v RICHARD D. SNYDER,          SC: 143563
GOVERNOR, and ANDREW DILLON,
TREASURER)

_____

Statement by Markman, J., Denying Motion for Disqualification

MARKMAN, J.  Plaintiffs have moved for my disqualification on the basis of my wife's participation in another case, *Police & Fire Retirement System of City of Detroit v Snyder*, No. 2:11-cv-11686-SFC-LJM (ED Mich), and specifically on the grounds that a provision of law, 2011 PA 4, is at issue in both cases.  In *Snyder*, my wife made an appearance on behalf of the Attorney General, and assisted in preparing and arguing a procedural motion to dismiss, which raised no substantive issues concerning 2011 PA 4, before withdrawing as counsel in order, according to the Attorney General, to "avoid any further distractions in this file."

MCR 2.003 provides in pertinent part that disqualification is warranted where:

(g) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

* * *

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding.

No grounds for my disqualification are present in this case.  My wife is not, and has never, "act[ed] as a lawyer in the proceeding" before this Court.  Indeed, she has never

had anything to do with the instant proceeding. Nor can it be said that she has "more than a de minimis interest that could be substantially affected by the proceeding." Apart from the fact that she is no longer even involved in *Snyder*, her compensation is wholly unaffected by whether the Attorney General's Office does or does not prevail, in *Snyder*, much less in the instant case, and the financial viability of the Attorney General's Office is wholly unaffected by whether it does or does not prevail, in *Snyder*, much less in the instant case. See *Adair v Michigan*, 474 Mich 1027, 1036-37 (2006). That a ruling by this Court might conceivably have an impact upon another case in which my wife has previously been involved, as it also might conceivably have an impact upon cases in which any one of 35,000 attorneys in Michigan is, or has been, involved, is a natural and probable result of *any* decision of this Court. Such a potential impact, however, has never before been viewed as a basis for disqualification by any judge of this Court, or by any judge of any other court of which I am aware. Most significantly, such disqualification is not required by a court rule in which disqualification in light of family relationships is specifically addressed.

Finally, there is nothing else in regard to this case that causes me to believe that I cannot be fair-minded and even-handed in my exercise of judgment in deciding the constitutional issues involved. Accordingly, plaintiffs' motion for my disqualification is respectfully DENIED.